IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| C&R FORESTRY, INC. an Idaho corporation,<br><br>   Plaintiff,<br><br>vs.<br><br>CONSOLIDATED HUMAN RESOURCES, AZ, INC., an Arizona corporation; and CONSOLIDATED HUMAN RESOURCES, INC., a California corporation; and CHR EMPLOYER SERVICES, INC., an Arizona corporation; and LIBERTY MUTUAL INSURANCE COMPANY, a foreign corporation authorized to do business in Idaho; and LIBERTY MUTUAL FIRE INSURANCE COMPANY, a foreign corporation authorized to do business in Idaho; and LIBERTY NORTHWEST INSURANCE CORPORATION, a foreign corporation authorized to do business in Idaho; and LIBERTY MUTUAL INSURANCE GROUP/BOSTON, a foreign entity not authorized to do business in Idaho; and LIBERTY INSURANCE CORPORATION, a foreign entity not authorized to do business in Idaho; and JOHN DOES 1 through 5; and JANE DOES 1 through 5; CORPORATE DOES 1 and 2; LIMITED LIABILITY COMPANY DOES 1 and 2,<br><br>   Defendants. | Case No. CV 05-381-N-EJL<br><br>MEMORANDUM ORDER |

MEMORANDUM ORDER     1

Plaintiff C&R Forestry, Inc. ("C&R Forestry") filed a Complaint for damages for breach of contract in state court. Defendants Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, Liberty Northwest Insurance Company, and Liberty Insurance Corporation (collectively "Liberty Defendants") properly removed the case to the federal district court based on diversity jurisdiction. Pending before the Court in the above-entitled matter are four motions. Liberty Defendants have moved (1) to strike portions of Roberto Oseguera's affidavit and (2) for summary judgment. C&R Forestry has moved (1) to amend their amended complaint and (2) to supplement the authority given in their response to Liberty Defendant's motion for summary judgment.

Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, these motions shall be decided on the record before this Court without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii).

### I. Factual Background

This case began when Mr. Pantaleon Vargas, an employee of C&R Forestry, was injured in a work-related accident in Missouri. This injury occurred on April 14, 2000. Mr. Vargas timely submitted a workers' compensation claim to the Missouri Division of Workers' Compensation ("Division") on April 13, 2001. Named as defendants in that claim were C&R Forestry, Consolidated Human Resources, Liberty Mutual Insurance Company, and the Missouri Second Injury Fund. C&R

Forestry appeared and filed an answer in that proceeding, but later chose to withdraw. Subsequently, the Division made an award against C&R Forestry and Consolidated Human Resources, finding that no insurance coverage was provided to Mr. Vargas through any Liberty Mutual Insurance policy. No administrative appeal followed, but the award was confirmed in a judgment rendered by the Circuit Court for Dent County, Missouri. No appeal of the circuit court judgment was filed.

## II.  C&R Forestry's Motion to Amend the Amended Complaint

### A.  Standard of Law

Motions to amend a party's pleading are governed by Rule 15 of the Federal Rules of Civil Procedure. After a party has amended a pleading once as a matter of course, it may only amend further after obtaining either the leave of the court or the consent of the other party. Fed. R. Civ. P. 15(a). A court shall freely grant leave to amend a pleading "when justice so requires." Id. The Ninth Circuit has recognized that "this policy is to be applied with extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F. 3d 708, 712 (9th Cir. 2001).

The Supreme Court has outlined several factors that a district court should consider when deciding whether to grant leave to amend:

> In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'

Foman v. Davis, 371 U.S. 178, 182 (1962). While each of these factors deserves consideration, they do not all merit equal weight. The Ninth Circuit has held that the consideration of prejudice to the opposing party carries the greatest weight. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048,

1052 (9th Cir. 2003).  The burden of showing prejudice rests upon the party opposing the motion to amend.  DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987).  "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."  Eminence 316 F.3d at 1052 (emphasis in original).

### B.  Discussion

C&R Forestry seeks to amend their amended complaint in two ways.  First, the proposed amendment identifies the defendants previously identified only as John Does 1 and 2, and Corporate Does 1 and 2.  Second, the proposed amendment adds a claim of promissory estoppel.  C&R Forestry argues that these amendments do not prejudice the opposing parties because the added promissory estoppel claim is not unique but rather a tangential claim to the contractual claim already in the complaint.  Additionally, C&R Forestry indicates that this claim arises out of the same underlying transactions as the other claims.

Liberty Defendants object to the amendment.  While not expressly claiming that the proposed amendment is unduly prejudicial, futile, or made in bad faith, they do argue that the promissory estoppel claim is outside the applicable statute of limitations and that the proposed amendment does not properly relate back to the original complaint.

Liberty Defendants argue that a four-year statute of limitations applies to C&R Forestry's claim of promissory estoppel.  Moreover, they argue that the statute began running on the date of Mr. Vargas's injury - April 14, 2000.  Because the original complaint filed by C&R Forestry was not filed until April 13, 2005, Liberty Defendants claim that the statute of limitations had long since run, and therefore the promissory estoppel claim is barred.  C&R Forestry disputes the date the cause of action for promissory estoppel accrued and the statute of limitations began to run.  They argue

MEMORANDUM ORDER                    4

that the appropriate date is not the date of Mr. Vargas's injury, but rather the date when Liberty Defendants denied any duty to defend or indemnify them against the claim of Mr. Vargas.[1] In addition, C&R Forestry argues that a five-year rather than four-year statute of limitations apply.

The Court recognizes that if the statute of limitations on the promissory estoppel claim had in fact run prior to C&R Forestry filing their original complaint, then an attempt to resurrect it via amendment to the complaint would be futile. See Sackett v. Beaman, 399 F.2d 884, 890 (9th Cir. 1968). However, the Court is not persuaded that the statute of limitations has run on C&R Forestry's claims in this case. A cause of action accrues, and thus the statute of limitations begins to run, when the plaintiff knows or has reason to know of the injury that is the basis of the action. Northern California Retail Clerks Unions and Food Employers Joint Pension Trust Fund v. Jumbo Markets, Inc., 906 F.2d 1371, 1372 (9th Cir. 1990). The injury that triggers the accrual of the promissory estoppel claim is not the injury Mr. Vargas sustained, but rather the injury to C&R Forestry caused when Liberty Defendants denied a duty to defend or indemnify them against the claims of Mr. Vargas. Thus, Liberty Defendants have failed to meet their burden of showing that an amendment to the complaint would be futile in this regard.

Liberty Defendants next argue that C&R Forestry's motion to amend must be denied because it does not properly relate back to the original complaint as required by Federal Rule of Civil Procedure 15(c). An amendment to a pleading relates back to the date of the original pleading when "the claim ... asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth ... in the original pleading." Fed. R. Civ. P. 15(c)(2). The Ninth Circuit has similarly held

---

[1] The Court notes that Mr. Vargas filed his initial complaint with the Missouri Division of Workers' Compensation on April 13, 2001.

MEMORANDUM ORDER    5

that a court should consider whether the new claim "involves the same transaction, occurrence, or core of operative facts involved in the original claim." Clipper Express v. Rocky Mountain Motor Tariff Bureau, Inc., 690 F.2d 1240, 1259 (9th Cir. 1982), cert. denied, 459 U.S. 1227 (1983). The proposed promissory estoppel claim relates in part to the provision of workers compensation insurance, which is also the subject of existing Count V in the amended complaint. Thus, this Court finds that the proposed amendment and the added claim involve the same core of operative facts and should therefore be allowed.

### III. C&R Forestry's Motion to Supplement Authority

A decision to grant or deny a party's motion to supplement their briefings is committed to the sound discretion of the court. See S.E.C. v. Seaboard Corp., 677 F.2d 1301, 1314 (9th Cir. 1982) (finding that the acceptance or rejection of argumentative briefs, memoranda, and other supplementary material is within the sound discretion of the court).

In response to Liberty Defendant's motion for summary judgment, discussed below, C&R Forestry filed a brief in which they set forth their arguments why summary judgment was not appropriate. C&R Forestry now seeks to supplement their authority with an additional case for the Court to consider. C&R Forestry claims the case of Shoup v. Union Security Life Insurance Co., 124 P.3d 1028 (Idaho 2005) is relevant to the issues of summary judgment, promissory estoppel, and reasonable reliance. Liberty Defendants claim that the case is irrelevant to the Court's analysis as it does not address the doctrine of res judicata which is the primary focus of their motion for summary judgment. While it is true that the case does not address the doctrine of res judicata, the Court nonetheless finds it relevant to the issues of this case. Therefore, the Court grants C&R Forestry's motion to supplement authority.

### IV. Liberty Defendants' Motion to Strike Portions of Mr. Oseguera's Affidavit

A district court's decision to strike portions of an affidavit is an evidentiary decision which is left to the sound discretion of the court. See Wong v. Regents of Univ. of Cal., 379 F.3d 1097, 1103 (9th Cir. 2004). Liberty Defendants move to strike portions of Mr. Oseguera's affidavit on the grounds that the statements are factually incorrect, not based on personal knowledge, and contradictory to other allegations in the original complaint and the proposed amended complaint. Rule 56(e) of the Federal Rules of Civil Procedure requires affidavits to be set forth on personal knowledge and show that the affiant is competent to testify to the matters therein.

The personal knowledge and competence requirements need not be explicitly set forth in the affidavit, but may be inferred from the affidavit themselves. Barthelemy v. Air Lines Pilots Ass'n, 897 F.2d 999, 1018 (9th Cir. 1990) (finding personal knowledge and competence to testify are reasonably inferred from the affiant's position and the nature of his participation in the matters to which he swore). Mr. Oseguera's affidavit in this case is similar to the affidavit at issue in Barthelemy. Mr. Oseguera is the president, chief operations officer, and principal shareholder of C&R Forestry. Like the affiant in Barthelemy who was the chairman of TWA, Mr. Oseguera's personal knowledge and competence to testify to these facts can be inferred from his position at C&R Forestry.

Liberty Defendants next argue that Mr. Oseguera's statements are contradictory to other statements made in the original complaint and the proposed amended complaint. Those documents make reference to Mr. Jones only as an agent of various CHR defendants; they do not refer to Mr. Jones as an agent of Liberty Defendants. Liberty Defendants argue that for Mr. Oseguera to

implicate an agency relationship between Mr. Jones and Liberty Defendants in his affidavit is therefore contradictory. The fact that C&R Forestry refers to Mr. Jones as an agent of CHR in the original complaint does not necessarily foreclose the possibility that Mr. Jones is also an agent of Liberty Defendants. It is possible that Mr. Jones was acting in an agency capacity to both CHR and Liberty Defendants. See Dazo v. Globe Airport Security Services, 295 F.3d 934, 939 (9th Cir. 2002); Restatement (Second) of Agency § 226 (a person may be the agent of multiple principals). The scope, if any, of Mr. Jones' agency is not a question for this Court to determine, but rather is a question of fact for the jury. Based on the these reasons, Liberty Defendants' motion to strike portions of Mr. Oseguera's affidavit is denied.

## V. Liberty Defendants' Motion for Summary Judgment

### A. Standard of Law

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 provides, in pertinent part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The Supreme Court has made it clear that under Rule 56, summary judgment is mandated if the non-moving party fails to make a showing sufficient to establish the existence of an element which is essential to the non-moving party's case and upon which the non-moving party will bear the burden of proof at trial. See Celotex Corp. V. Catrett, 477 U.S. 317, 322 (1986). If the non-moving party fails to make such a showing on any essential element, "there can be no 'genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving

party's case necessarily renders all other facts immaterial." Id. at 323.[2]

Moreover, under Rule 56, it is clear that an issue, in order to preclude entry of summary judgment, must be both "material" and "genuine." An issue is "material" if it affects the outcome of the litigation. Before an issue may be considered "genuine" it must be established by "sufficient evidence supporting the claimed factual dispute...to require a jury or judge to resolve the parties' differing versions of the truth at trial." Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975) (quoting First Nat'l Bank v. Cities Serv. Co. Inc., 391 U.S. 253, 289 (1968)). The Ninth Circuit cases are in accord. See, e.g., British Motor Car Distrib. Ltd. v. S.F. Auto. Indus. Welfare Fund, 882 F.2d 371 (9th Cir. 1989).

According to the Ninth Circuit, in order to withstand a motion for summary judgment, the non-moving party

> (1) must make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof; (2) must show that there is an issue that may reasonably be resolved in favor of either party; and (3) must come forward with more persuasive evidence than would otherwise be necessary when the factual contexts makes the non-moving party's claim implausible.

Id. at 374 (citation omitted).

Of course, when applying the above standard, the court must view all the evidence in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

---

[2] See also, Rule 56(e) which provides, in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

### B.  Discussion

### 1.  Res Judicata (Claim Preclusion)

The Supreme Court has mandated "[t]he preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute, which provides that state judicial proceedings 'shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the court of such State ... from which they are taken.'" Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985), citing, 28 U.S.C. § 1738.  Thus, § 1738 "directs a federal court to refer to the preclusion law of the State in which judgment was rendered."  Id.

Under Missouri law, res judicata consists of two separate and distinct doctrines: claim preclusion (known as res judicata) and issue preclusion (known as collateral estoppel).  Dodson v. City of Wentzville, 133 S.W.3d 528, 538 (Mo.App.E.D. 2004).  "Traditionally, res judicata (claim preclusion) bars the same parties or their privies from relitigating the same cause of action."  Winter v. Northcutt, 879 S.W.2d 701, 705 (Mo.App.S.D. 1994) (emphasis in original).  When there has been a final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, the doctrine of res judicata bars all other causes of action as to the facts or issues thereby litigated.  Id.  A former judgment operates as a bar not only as to all matters which were raised, but also as to all matters that could have been raised in the former action.  Elam v. City of St. Ann, 784 S.W.2d 330, 334 (Mo.App.E.D. 1990).

There are four elements to the doctrine of res judicata (claim preclusion).  In order to have estoppel by a former judgment, there must be: (1) identity of the thing sued for, (2) identity of the

MEMORANDUM ORDER                    10

cause of action, (3) identity of the persons or parties to the action, and (4) identity of the quality of the person for or against whom the claim is made.  Winter, 879 S.W.2d at 705.

Under Missouri law, the identity of the thing sued for has been described as the subject matter of the suit.  Id. at 708.  The subject matter in the instant case is the same as the subject matter in the prior administrative hearing before the Division.  The administrative hearing centered around the payment of Mr. Vargas's medical bills.  The parties to that proceeding, as previously indicated, included Mr. Vargas, C&R Forestry, the Liberty Defendants, and other entities that potentially shared liability for the payment of Mr. Vargas's medical bills.  One of the issues addressed in that proceeding was insurance coverage.  The instant case at its core also centers around the payment of Mr. Vargas's medical bills and whether or not the accident was covered by workers' compensation insurance.  Thus, the identity of the thing sued for is the same and the first element of the doctrine of res judicata has been met.

The second element of res judicata was also discussed by the court in Winter.  The court explained that the phrase "cause of action" has a broad meaning.  The term "does not refer to the form of action in which the claim is asserted, but to the cause for action, i.e., the underlying facts combined with the law giving the party a right to a remedy of one form or another based thereon."  Id. at 707 (emphasis in original).  The Missouri Supreme Court has stated, "[s]eparate legal theories are not to be considered as separate claims, even if 'the several legal theories depend on different shadings of the facts, or would emphasize different elements of the facts, or would call for different measures of liability or different kinds of relief.'"  King Gen. Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints, 821 S.W.2d 495, 501 (Mo. 1991).

In this case, the underlying fact that gave rise to a remedy was the work-related accident in which Mr. Vargas was injured. That accident and injury occurred while Mr. Vargas was employed by C&R Forestry. It is that injury that gave Mr. Vargas the right to file a claim with the Division. It is that claim that gave the Division the authority to make a determination as to insurance coverage. While it is true that C&R Forestry is now pursuing distinct legal theories against Liberty Defendants in the instant action, the underlying facts remain the same. Therefore, the second element of res judicata - identity of the cause of action - has been satisfied.

The third requirement of the doctrine of res judicata is the identity of the person or parties to the action. Liberty Defendants hint that because both parties to this action were present in the prior action before the Division the identity of the parties is met. However, their assumption is misplaced. "All that is required to find identity of parties is a finding that the present plaintiff was a plaintiff in the first suit and the present defendant was a defendant in the first suit." Vandever v. Jr. Coll. Dist. of Metro. Kansas City, 708 S.W.2d 711, 715 (Mo.App.W.D. 1986). This is not the case in the instant action. C&R Forestry, the plaintiff in the present suit, was not the plaintiff in the prior action, but rather a defendant. In fact, C&R Forestry was a co-defendant with Liberty Defendants in the prior action before the Division. Thus the identity of the parties to the action is not satisfied, and therefore the doctrine of res judicata does not apply to the instant action.

### 2. Collateral Estoppel (Issue Preclusion)

Issue preclusion, as previously noted, is related to the doctrine of claim preclusion, but is narrower in scope. While claim preclusion bars a party and its privies from relitigating any cause of action previously litigated, issue preclusion only bars those issues which were actually raised and litigated in a prior action. Agribank FCB v. Cross Timbers Ranch, Inc., 919 S.W.2d 263, 270

(Mo.App.S.D. 1996). According to Missouri law, issue preclusion has four elements:

> (1) the issue decided in the prior adjudication was identical with the issue presented in the present action; (2) the prior adjudication resulted in a judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit.

Id.

The Court notes that the prior action before the Division resulted in a judgment on the merits and both C&R Forestry and Liberty Defendants were parties to that action. Thus, the second and third elements of issue preclusion have been satisfied. However, contrary to Liberty Defendant's contention, the first and fourth elements are not satisfied.

C&R Forestry and Liberty Defendants did not have a full and fair opportunity to litigate the issue of liability amongst themselves in the prior action before the Division. "Missouri follows the general rule that a prior judgment is not conclusive in a subsequent action between co-defendants in the prior action unless co-defendants occupied adversary positions in the prior action and actually litigated therein the issue of liability as between themselves as well as their liability to the injured party." City of St. Joseph v. Kaw Valley Tunneling, Inc., 660 S.W.2d 26, 32 (Mo.App.W.D. 1983). In that case, Kaw Valley occupied a similar position to that of C&R Forestry in the instant case. Kaw Valley was a co-defendant with the City of St. Joseph in the prior adjudication, but a plaintiff in the subsequent indemnity action against the City of St. Joseph. The court noted that while Kaw Valley had a full and fair opportunity to litigate against the plaintiff in the prior action, it did not have a fair opportunity to prove the negligence of their co-defendant. Indeed the court held, "[a]s a co-defendant in the prior litigation, Kaw had no reason or incentive to prove the extent of city's negligence to Power Company. Only now, as plaintiff in an indemnity action does Kaw Valley have

an incentive to litigate the issue." Id.

The court in Kaw Valley reasoned that "the judgment in the prior action merely adjudicated the rights of the plaintiff as against each defendant, and leaves unadjudicated the rights of the co-defendants as between themselves." Id. Following that same logic, this Court finds that the prior action before the Division merely adjudicated the rights of Mr. Vargas, the injured employee, as against C&R Forestry and Liberty Defendants. The prior action did not address the rights of C&R Forestry and Liberty Defendants as between themselves. Thus the fourth element of issue preclusion is not satisfied. Because the Court finds that C&R Forestry did not have a full and fair opportunity to litigate these issues before the Division the Court does not address the first element of issue preclusion.

### 3. Waiver and Estoppel

Liberty Defendants also argue that the doctrines of waiver and estoppel preclude C&R Forestry from bringing the present action. Liberty Defendants argue that because C&R Forestry withdrew from the prior proceedings before the Division, they have waived their right and/or are estopped from appearing before this Court. The Court finds their arguments unpersuasive.

The law in both the Ninth Circuit and Missouri is clear. If a permissive cross-claim is neither asserted nor litigated in a prior action, the parties cannot be barred from asserting it in a later action by principles of res judicata, waiver, or estoppel. Peterson v. Watt, 666 F.2d 361, 363 (9th Cir. 1982); Jacobs v. Corley, 732 S.W.2d 910, 914 (Mo.App.E.D. 1987). C&R Forestry's present claims against Liberty Defendants were just that - permissive cross-claims against a co-defendant. As such, C&R Forestry has neither waived those claims nor are they estopped from now bringing them against Liberty Defendants.

**Order**

Based on the foregoing, and the Court being fully advised in the premises, it is **HEREBY ORDERED** that:

1. C&R Forestry's Motion to Amend the Amended Complaint (Dkt. #30) is **GRANTED**.

2. C&R Forestry's Motion to Supplement Authority (Dkt. #42) is **GRANTED**.

3. Liberty Defendant's Motion to Strike Portions of the Affidavit of Roberto Oseguera (Dkt. #39) is **DENIED**.

4. Liberty Defendant's Motion for Summary Judgment (Dkt. #17) is **DENIED**.

5. The Stipulation (Dkt. #55) to Stay Scheduling Order is **DENIED**.

DATED:  **March 23, 2007**

Honorable Edward J. Lodge
U. S. District Judge