IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |  |
|---|---|---|
| C&R FORESTRY, INC., <br> an Idaho corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. CV 05-381-N-EJL-MHW |
| v. | ) ) | **REPORT AND RECOMMENDATION** |
| CONSOLIDATED HUMAN <br> RESOURCES, AZ, INC., *et. al*, | ) ) ) ) | |
| Defendants. | ) ) | |

On April 13, 2007, Defendants Liberty Mutual Insurance Company and other related entities (collectively, "Liberty") filed a motion to strike portions of Plaintiff C & R Forestry, Inc.'s ("CRF") Second Amended Complaint (Docket No. 65) under Fed. R. Civ. P. 12(f). The two counts are Count V, breach of contract, and Count VII, breach of the covenant of good faith and fair dealing. Liberty contends that the two claims are immaterial to CRF's claims in this matter. CRF opposes the motion.

Having fully reviewed the record, the Court finds the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter will be determined on the record before this Court without a hearing. Dist. Idaho Loc. Civ. R. 7.1(d)(2).

REPORT AND RECOMMENDATION - 1

# REPORT

## I.
## Factual Background.

CRF, a forest management company based in Post Falls, Idaho, leased employees to perform work on its behalf from Defendant Consolidated Human Resources AZ, Inc. ("Consolidated") pursuant to a written contract. CRF asserts that as part of its contract, it paid individual employee charges for workers compensation insurance for workers obtained through Consolidated. According to CRF, Liberty provided the workers compensation insurance for these employees.

CRF leased one of Consolidated's employees for work in Missouri, and on April 20, 2000, he injured himself on the job. The employee filed a claim for worker's compensation in the state of Missouri. CRF submitted his worker's compensation claim to Consolidated and Liberty, but Liberty refused to recognize the claim. During the course of the worker's compensation suit, CRF discovered that the workers leased from Consolidated were not covered by workers compensation insurance in the state of Missouri. A judgment was rendered against CRF and Consolidated in the amount of $84,873.86 to compensate the employee for his injuries.

## II.
## Procedural Background.

CRF originally filed its complaint in state court against Consolidated and two of its affiliates, as well as against Liberty for breach of an agreement to provide worker's compensation coverage. While still pending in state court, CRF filed an Amended Complaint containing seven causes of action. Counts I–IV related to CRF's claims against Consolidated and Counts V–VI related to CRF's claims solely against Liberty. Count VII made claims against

both Liberty and Consolidated. The case was removed from state court to federal court on September 16, 2005.

On June 12, 2006, Liberty filed a motion for summary judgment on all claims alleged against it in CRF's Amended Complaint. Liberty argued that, as to the breach of contract claims made against it in Counts V and VI of the Amended Complaint, the claims were barred by res judicata. Mem. at 4, Docket No. 18. Liberty argued that the worker's compensation hearing in Missouri addressed the issue of insurance coverage, and therefore precluded CRF from bringing suit to adjudicate its claims.

While the motion for summary judgment was pending as to the claims in the Amended Complaint, on July 13, 2006, CRF filed a motion to file a Second Amended Complaint. The Second Amended Complaint sought to added additional Consolidated defendants originally identified as "John Doe" defendants in the Amended Complaint, but who had now been identified by name. The Second Amended Complaint also added a new cause of action based upon estoppel against Consolidated and Liberty. Otherwise, the Second Amended Complaint was the same in all material respects as the Amended Complaint.

On March 23, 2007, the Court denied Liberty's summary judgment motion and granted the motion to file the Second Amended Complaint. Docket No. 56. The Court explained that the elements for claim preclusion and issue preclusion were not met with respect to the breach of contract claims, because the workers compensation litigation addressed the rights of the employee as against CRF and Liberty. Mem. and Order at 11–14, Docket No. 56. Thus, the prior action did not address the legal rights of CRF *vis-a-vis* Liberty and the principles of res judicata did not apply.

REPORT AND RECOMMENDATION - 3

CRF promptly filed its Second Amended Complaint on April 3, 2007, adding the named defendants and containing the same breach of contract claims against Liberty, but renumbered as Counts V and VII.  Docket No. 57.  On the same day Liberty filed a motion for reconsideration of the Court's March 23, 2007 order denying its motion for summary judgment.  In its motion for reconsideration, Liberty argued that the "administrative law judge actually determined, by analyzing the Liberty policies, that there was no Liberty policy that would have provided coverage" to the injured worker.  Mem. at 7, Docket No. 59.

On April 13, 2007, only ten days later and while the motion for reconsideration was still pending, Liberty filed the instant motion to strike Count V, breach of contract, and Count VII, breach of the covenant of good faith, of the Second Amended Complaint.  Docket Nos. 65, 66.  These counts are identical to those contained in the Amended Complaint and for which the Court, in its March 23 Memorandum Order, denied Liberty's request for summary judgment.  Liberty argues that CRF, in its Response Memorandum to Defendants' Motion for Summary Judgment, "conceded that the identified policies provided no workers' compensation coverage to C&R or Mr. Vargas."  Mem. at 4, Docket No. 66.  Without a policy that provided coverage, there can be no breach of any agreement in Liberty's view.

Further, Liberty argues that the new cause of action in the Second Amended Complaint alleging estoppel is inconsistent with the contract claims.  Liberty also argues the claims in Count VIII for unjust enrichment, constructive trust and/or mutual mistake are mutually exclusive of the contract claims.  As such, Liberty contends that Counts V and VII are immaterial to the remaining counts and should be dismissed as immaterial and impertinent to the ultimate resolution of this case.

REPORT AND RECOMMENDATION - 4

On November 16, 2007, the Court denied Liberty's motion for reconsideration. Docket 90. The Court found that Liberty presented no new arguments that had not been previously considered and that there was no manifest error of law in its analysis of the applicability of res judicata to this case.

### III.
### Legal Standard.

Liberty brings its motion pursuant to Fed. R. Civ. P. 12(f),[1] which reads in part:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Motions to strike "are viewed with disfavor and are not frequently granted." *Kramer v. Latah County, Idaho*, 2006 WL 3239969 *9 (D. Idaho Nov. 7, 2006). To prevail on a motion to strike, the moving party must show that the allegations being challenged are so unrelated to a plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceedings will be prejudicial to the moving party.[2]  5A Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 1380 at 650 (2d ed. 1990).

---

[1] The Federal Rules of Civil Procedure were recently amended, and effective December 1, 2007. The Complaint in this matter was filed prior to the effective date of the amendments, and therefore citations are to the rules prior to amendment.

[2] A motion to strike is not an authorized nor a proper way to procure dismissal of all or part of a party's complaint. *Yamamoto v. Omiya,* 564 F.2d 1319, 1327 (9th Cir. 1977). However, the Court will address the merits of Liberty's arguments rather than having it refiled as motion to dismiss.

REPORT AND RECOMMENDATION - 5

## IV.
## Discussion.

CRF argues that Liberty has premised its motion to strike on one out-of-context statement contained in CRF's response to Liberty's motion for summary judgment. CRF does not dispute that the Missouri Workers Compensation Commission ruled as it did that no coverage existed to protect the injured worker. Rather, CRF asserts that Liberty has failed to properly acknowledge the true issues in this litigation set forth in the paragraph immediately following the one Liberty quoted. This paragraph states:

> 1. Did Liberty violate its duty, either implied or contractual, to provide insurance as would have afforded C & R Forestry necessary coverage for the Vargas claim or, in the alternative, did Liberty violate its duty to provide notice to C & R Forestry that it was non-renewing the policy and/or changing the scope of coverage, thereby depriving C & R Forestry of the opportunity to obtain coverage in the State of Missouri . . . .

Response at 7, Docket No. 36.

The Court agrees with CRF that, when considered in its full context, nothing contained in Count V and Count VII can rationally be considered as "redundant, immaterial, impertinent, or scandalous matter" and therefore subject to a Rule 12(f) motion to strike.

As to Liberty's arguments that the cause of action based on estoppel and the claims based on unjust enrichment, mutual mistake, and constructive trust are mutually exclusive of the contract claims, the Federal Rules of Civil Procedure expressly provide that a party may demand relief in the alternative or of several different types. Fed. R. Civ. P. 8(a). Rule 8(e)(2) specifically provides that "[a] party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds."

CRF also raises another valid point that having to respond to this motion to strike as well

REPORT AND RECOMMENDATION - 6

as to the motion for reconsideration of the order denying Liberty's motion for summary judgment has needlessly driven up the cost of litigation.  It would appear that if Liberty was so concerned about the comment made in CRF's response to its motion for summary judgment, this could have been one of the grounds argued in the motion for reconsideration rather than having to go through the extra effort of responding to a motion to strike.

For these reasons, the motion should be denied.

## RECOMMENDATION

Based upon the foregoing, the Court being otherwise fully advised in the premises, the Court **hereby RECOMMENDS that:**

1) Defendants' Motion to Strike, (Docket No. 65) be DENIED.

Written objections to this Report and Recommendation must be filed within ten (10) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1, or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.



DATED: December 19, 2007

Honorable Mikel H. Williams
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 7