IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| C&R FORESTRY, INC., an Idaho corporation, ) ) ) Plaintiff, ) ) vs. ) ) CONSOLIDATED HUMAN ) RESOURCES, AZ, INC., an Arizona ) corporation; and CONSOLIDATED ) HUMAN RESOURCES, INC., a ) California corporation; CONSOLIDATED ) HUMAN RESOURCES, INC., an Oregon ) Corporation (formerly CORPORATE ) DOE 1); CHR INSURANCE SERVICES, ) INC., an Arizona corporation; ) (formerly CORPORATE DOE 2) ) and CHR EMPLOYER ) SERVICES, INC., an Arizona corporation; ) and RANDY BRAGG ) (formerly JOHN DOE 2); and ) RICHARD L. JONES; ) (formerly JOHN DOE 1) ) and LIBERTY MUTUAL INSURANCE ) COMPANY, a foreign corporation ) authorized to do business in Idaho; and ) LIBERTY MUTUAL FIRE INSURANCE ) COMPANY, a foreign corporation ) authorized to do business in Idaho; and ) LIBERTY NORTHWEST INSURANCE ) CORPORATION, a foreign corporation ) authorized to do business in Idaho; and ) LIBERTY MUTUAL INSURANCE ) GROUP/BOSTON, a foreign entity ) not authorized to do business in Idaho; ) and LIBERTY INSURANCE CORPORA- ) TION, a foreign entity not authorized to ) do business in Idaho; and ) JOHN DOES 3 through 5; ) and JANE DOES 1 through 5; ) LIMITED LIABILITY COMPANY ) | Case No. CV 05-381-N-EJL-MHW<br><br>MEMORANDUM DECISION AND ORDER |

```
DOES 1 AND 2,                         )
                                      )
              Defendants.             )
_____)
```

On December 5, 2007, Plaintiff C & R Forestry, Inc. ("CRF") filed a motion to compel production of documents by Defendant Liberty Mutual Insurance Company and its other related entities (collectively, "Liberty") under Fed. R. Civ. P. 37(a).  Docket No. 99.  Liberty opposes the motion on the grounds that the discovery sought is overly broad, burdensome, and irrelevant to CRF's claims.  The parties were unsuccessful in meeting and resolving the dispute without the Court's involvement.  The Court heard oral argument on January 10, 2008, and the matter is now ripe for review.

## I.
## Factual Background.

CRF, a forest management company based in Post Falls, Idaho, leased employees to perform work on its behalf from Defendant CHR Employer Services, Inc. ("Consolidated")[1] pursuant to a written contract executed on or about December 22, 1999.  CRF asserts that as part of its contract, it paid workers compensation insurance premiums for workers obtained through Consolidated.  Liberty provided the workers compensation insurance for Consolidated's employees.

CRF leased one of Consolidated's employees for work in Missouri, and on April 20, 2000, he injured himself on the job.  The employee filed a worker's compensation claim in the state of Missouri.  CRF submitted his worker's compensation claim to Consolidated and Liberty,

---

[1] Other entities related to Consolidated are defendants in this action.

**MEMORANDUM DECISION AND ORDER - Page 2**

but Liberty refused to recognize the claim. During the course of the worker's compensation suit, CRF discovered that the workers leased from Consolidated were not covered by workers compensation insurance in the state of Missouri. A judgment was rendered against CRF and Consolidated in the amount of $84,873.86 to compensate the employee for his injuries.

## II.
## Procedural Background.

CRF originally filed its complaint in state court against Consolidated and two of its affiliates, as well as against Liberty and other related Liberty companies for breach of an agreement to provide worker's compensation insurance. The case was removed from state court to federal court on September 16, 2005.

In its amended complaint, CRF asserts that it arranged through Consolidated certain workers compensation contracts, issued by Liberty, for coverage of its leased employees. Docket No. 57. CRF alleges that Liberty breached those contracts by failing to provide coverage for the injured employee. Am. Compl., Count V, Docket No. 57. Under a theory of promissory estoppel, CRF claims that it reasonably relied upon representations of Liberty and its agents that CRF had workers compensation coverage for all employees it leased from Consolidated. Am. Compl., Count VI, Docket No. 57.[2] CRF also alleges that Liberty breached an implied covenant of good faith and fair dealing by refusing and failing to indemnify and defend CRF in the workers compensation suit. Am. Compl., Count VII, Docket No. 57. In the alternative, CRF asserts it is entitled to recover from Liberty on the grounds of unjust enrichment, constructive trust, or mutual mistake. Am. Compl., Count VII, Docket No. 57.

---

[2] A motion for summary judgment is currently pending concerning the promissory estoppel claim. Docket No. 91.

**MEMORANDUM DECISION AND ORDER - Page 3**

## III.
## Discovery Issues.

There are five requests for production at issue in the parties' discovery dispute, and each will be discussed in turn.

**A.     Request for Production No. 1.**

CRF seeks production of "all correspondence and other written communication between all Liberty Defendants and Consolidated Human Resources, AZ, Inc., Consolidated Human Resources, Inc., CHR Employer Services, Inc., and/or Randy Bragg and/or Richard L. Jones." Liberty has provided documents responsive to this request that relate to CRF, but CRF alleges that it wants additional documents. Liberty argues that this request is too broad and seeks irrelevant information. Liberty explained that in 1999, it had issued thirty-nine policies to Consolidated providing insurance coverage for 169 different employers leasing workers from Consolidated, and in 2000 it had issued thirty-five policies covering 128 different employers. The requests as posed, according to Liberty, would encompass all of these various policies and related correspondence between Liberty and Consolidated.[3]  Liberty asserts it has already provided copies of policies covering CRF and correspondence related to those policies. Aff. of Christensen at 5 and Ex. 4, Docket No. 99-3.

Fed. R. Civ. P. 26(b)(1) allows discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." The Court may limit discovery if "the burden or expense of the proposed discovery

---

[3]  At the hearing, the parties represented that Randy Bragg and Richard Jones were the principals of Consolidated and that CHR Employer Services, Inc. was the parent company of the other consolidated entities.

**MEMORANDUM DECISION AND ORDER - Page 4**

outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

The request for "all" correspondence and written communications between all Liberty Defendants and Consolidated is overly broad for two reasons. First, there is a temporal issue. According to the Second Amended Complaint, CRF did not enter into a contract with Consolidated until December 22, 1999. The worker was injured on April 20, 2000. Yet CRF's request exceeds the relevant time frame, and is therefore unlikely to produce information relevant to CRF's claims.

The second problem is its overbreadth. The request for "all" correspondence will require production of materials unrelated to CRF's allegations. Liberty explained that a response to this request would include more than twenty seven thousand documents involving over one hundred and fifty of Consolidated's client companies related to forty-one different insurance policies. The Court agrees that it would be irrelevant and burdensome to produce correspondence related to other client companies that bear no relationship to CRF. *See Watson v. Sandpoint Police Dept.*, Case No. CV 05-218-N-EJL, 2006 WL 2632574 *4–5 (D. Idaho Sept. 13, 2006) (denying discovery concerning the defendant's arrest record history because it did not relate to the plaintiff's claims against the specific officer); *Purkey v. Rubino*, Case No. CV 04-548-E-MHW, 2006 WL 3497267 *5 (D. Idaho Dec. 4, 2006) (explaining that in a wrongful discharge case, the employee was not permitted unfettered access into the circumstances surrounding other employee disciplinary matters because it was not relevant to his claim).

**MEMORANDUM DECISION AND ORDER - Page 5**

CRF's agency argument is unavailing. CRF in its reply and at oral argument claims that Consolidated may have had an agency relationship with Liberty. Liberty denies any agency relationship existed, and submitted affidavits from its principals stating Liberty had no outside agents acting on its behalf. Liberty explained that when Consolidated needed insurance coverage for one of its workers related to a new client company, Consolidated would request coverage pursuant to its policy contract with Liberty and Liberty would send certificates of insurance to the appropriate entities. Based upon the assertions at the hearing, the Court is not inclined to permit a fishing expedition at Liberty's expense after Liberty has denied the existence of an agency relationship, and will therefore deny CRF's request.

**B.    Request for Production No. 2.**

This request seeks "all correspondence and other written communication between all Liberty defendants and C&R Forestry." This request appears appropriately limited in scope because it would be unlikely that any correspondence exists prior to December 22, 1999, the date of CRF's contract with Consolidated. Also, Liberty did not generally communicate directly with Consolidated clients. In its supplemental discovery responses, Liberty objected to this request causing CRF to believe more correspondence existed that had been withheld. Liberty claims that it produced all correspondence responsive to this request, and the parties agreed that Liberty's assertion at the hearing resolved this dispute.

**C.     Request for Production No. 3.**

This request seeks "all correspondence and other group communication between all Liberty defendants and CHR Insurance Services, Inc."[4]  Liberty objected on the same grounds as Request for Production No. 1 because CHR Insurance Services, Inc. is related to Consolidated, and Liberty asserted that it sent all correspondence to any Consolidated entity to the parent company and its principals.  For the same reasons discussed above, CRF's request will be denied.

**D.     Request for Production No. 4.**

Request number four asks for "all policies of insurance, including renewals of prior policies, issued or renewed between January 1, 1999 and December 31, 2000, wherein Consolidated Human Resources, AZ, Inc., Consolidated Human Resources, Inc. and/or CHR Employer Services, Inc. were either the primary or additional named insured."  Liberty provided three policies wherein CRF was one of the clients covered, but objected to producing other policies based upon relevance and overbreadth.  Liberty again asserts that the request seeks information about policies issued to Consolidated clients other than CRF.

To the extent that CRF seeks production of policies related to client companies other than CRF, the request is overly broad and irrelevant.  However, if there are policies other than the three Liberty produced that in any way name CRF or provide coverage to CRF's leased employees, either as additional insured or otherwise, those policies are relevant.  Unlike the

---

[4] CHR Insurance Services, Inc. is a related Consolidated entity.  Liberty argued in its brief that it does not have to produce responsive documents because CHR Insurance Services, Inc. is not a party to the lawsuit.  At the hearing, Liberty admitted it was mistaken, because the Second Amended Complaint added CHR Insurance Services, Inc. as a named party.  Am. Comp. ¶ 6B at 3, Docket No. 57.  CHR Insurance Services, Inc. never filed an answer, although no default has been issued.

**MEMORANDUM DECISION AND ORDER - Page 7**

request for "all" correspondence, the insurance policies are a discrete group of documents that would not be burdensome to review and produce if CRF is implicated in any way on a particular policy. The Court will therefore order any such policies to be produced.

**E.     Request for Production No. 12.**

This request asks, "[a]s to policy WC 7-161-038-293-759, please provide copies of all notices of policy cancellation or of non-renewal sent or delivered to any state, individual or entity." Liberty responded that the documents will be produced when available and confirmed that it has no objection to producing these documents. Liberty has produced four documents concerning non-renewal or cancellation it sent to Consolidated, but at the hearing Liberty stated it believes additional documents exist that it has been unable to locate.

The Court therefore directs Liberty to undertake a good faith effort to determine whether or not additional documents exist responsive to this request. If no such documents exist, Liberty must supplement its discovery responses within thirty days from the Court's order with a statement to that effect.

**F.     Timeliness.**

Liberty makes the additional argument that CRF's motion is untimely. According to the scheduling order, the discovery cutoff date was November 23, 2007, and CRF did not file its motion until December 5, 2007. The correspondence in the record indicates the parties have been actively negotiating to resolve the outstanding discovery issues. Based upon the record, the Court finds that Consolidated's motion was timely.

**MEMORANDUM DECISION AND ORDER - Page 8**

**ORDER**

Based on the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED that:**

1)      Plaintiff's Motion to Compel, (Docket No. 99) is **GRANTED IN PART AND DENIED IN PART.**

Liberty Defendants are ordered to produce documents responsive to Request Nos. 4 and 12.  With respect to Request for Production No. 12, Liberty Defendants shall undertake a good faith effort to identify whether or not any additional responsive documents exist.  Liberty shall supplement its responses within thirty (30) days from the date of this Order.  Plaintiff's motion is otherwise denied.



DATED: January 17, 2008

Honorable Mikel H. Williams
Chief United States Magistrate Judge