IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| C&R FORESTRY, INC. an Idaho corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CONSOLIDATED HUMAN RESOURCES, AZ, INC., an Arizona corporation; and CONSOLIDATED HUMAN RESOURCES, INC., a California corporation; and CHR EMPLOYER SERVICES, INC., an Arizona corporation; and LIBERTY MUTUAL INSURANCE COMPANY, a foreign corporation authorized to do business in Idaho; and LIBERTY MUTUAL FIRE INSURANCE COMPANY, a foreign corporation authorized to do business in Idaho; and LIBERTY NORTHWEST INSURANCE CORPORATION, a foreign corporation authorized to do business in Idaho; and LIBERTY MUTUAL INSURANCE GROUP/BOSTON, a foreign entity not authorized to do business in Idaho; and LIBERTY INSURANCE CORPORATION, a foreign entity not authorized to do business in Idaho; and JOHN DOES 1 through 5; and JANE DOES 1 through 5; CORPORATE DOES 1 and 2; LIMITED LIABILITY COMPANY DOES 1 and 2,<br><br>Defendants. | Case No. CV 05-381-N-EJL<br><br>ORDER ADOPTING REPORT<br><br>AND RECOMMENDATION |

ORDER ADOPTING REPORT & RECOMMENDATION - 1

Plaintiff, C&R Forestry, Inc., filed a motion for summary judgment against Defendants Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, Liberty Northwest Insurance Company, and Liberty Insurance Corporation (collectively "Liberty Defendants") on its state law breach of contract claim. In support of the Motion for Summary Judgment, C&R submitted the affidavit of Roberto Oseguera. The Liberty Defendants, in turn, opposed the Motion for Summary Judgment and moved to strike certain portions of the Oseguera affidavit. On July 15, 2008, United States Magistrate Judge Candy W. Dale issued a Report and Recommendation, recommending that the Liberty Defendants' Motion to Strike be granted in part and denied in part, and that C&R Forestry's Motion for Summary Judgment on the breach of contract claim be denied.

C&R Forestry has filed objections to Magistrate Judge Dale's recommendation. Any party may challenge a magistrate judge's proposed recommendation regarding a dispositive motion by filing written objections within ten days after being served with a copy of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the magistrate. Id.; see also Fed. R. Civ. P. 72(b).

**Standards**

Summary judgment is appropriate if, viewing the evidence in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  Adams v. Synthes Spine Co., 298 F.3d 1114, 1116-17 (9th Cir. 2002).

When analyzing the merits of a state law claim the Court is mindful that it must apply the substantive law of Idaho, as interpreted by the Idaho Supreme Court.  See Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 920 (9th Cir.1988).  "[W]here the state's highest court has not decided an issue, the task of the federal courts is to predict how the state high court would resolve it."  Air-Sea Forwarders, Inc. v. Air Asia Co., 880 F.2d 176, 186 (9th Cir. 1989), cert. denied, 493 U.S. 1058 (1990).  In this regard, the federal court must follow an intermediate state court decision unless other persuasive authority convinces the federal court that the state supreme court would decide otherwise.  Richardson v. United States, 841 F.2d 993, 996 (9th Cir. 1988).

**Discussion**

The background of this case is covered in the Report and Recommendation and the Court need not repeat the details here. C&R Forestry contends that the magistrate judge failed to correctly apply Idaho's rules and cannons of interpretation for insurance contracts and erred in finding an ambiguity in the notice requirement of Policy 759.

However, having reviewed the parties' submissions and the relevant law, the Court

ORDER ADOPTING REPORT & RECOMMENDATION - 3

finds that the magistrate judge accurately identified the controlling legal standards and correctly applied that law to conclude that "Policy 759 does not unambiguously require notice to be sent directly from Liberty Defendants to C&R Forestry." (Report and Recommendation at 17). As the magistrate judge explained, the fact that C&R Forestry is listed in Policy 759 as the insured is not conclusive as to the notice requirement because of the inclusion of "C/O Consolidated Human Resources Inc" ("CHR") in Item 1 of the Information Page. Thus, it could be that C&R Forestry was not entitled to notice directly and instead only CHR was entitled to notice from the Liberty Defendants. Accordingly, the magistrate judge properly concluded that "even if C&R Forestry is correct that they are "the" or "an" insured under the Policy, Policy 759 does not unambiguously require notice to be sent directly from the Liberty Defendants to C&R Forestry." (Report and Recommendation at 17). Summary judgment if favor of C&R Forestry, therefore, is not appropriate.

## ORDER

Having conducted a de novo review of the objected to portions of the Report and Recommendation, this Court finds that Judge Dale's Report and Recommendation is well founded in law and consistent with this Court's own view of the evidence in the record. Acting on the recommendation of Magistrate Judge Dale, and this Court being fully advised in the premises,

**IT IS HEREBY ORDERED** that the Report and Recommendation entered on July 15, 2008 (docket no. 155), should be, and is hereby, **INCORPORATED** by reference and **ADOPTED** in its entirety.

**IT IS THEREFORE ORDERED** that

1) Liberty Defendants' Motion to Strike (docket no. 109) is **GRANTED in part and DENIED in part**, and

2) Plaintiff C&R Forestry's Motion for Summary Judgment (docket no. 102) is **DENIED.**

**IT IS FURTHER ORDERED** that the parties are directed to confer and file a Status Report including three potential dates for resetting the trial date or otherwise advise the Court as to how the parties intend to proceed in this matter on or before September 15, 2008.

DATED: **August 28, 2008**

Honorable Edward J. Lodge
U. S. District Judge