IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| C&R FORESTRY, INC. an Idaho corporation,<br><br>            Plaintiff,<br><br>   v.<br><br>CONSOLIDATED HUMAN RESOURCES, AZ, INC., an Arizona corporation; and CONSOLIDATED HUMAN RESOURCES, INC., a California corporation; and CHR EMPLOYER SERVICES, INC., an Arizona corporation; and LIBERTY MUTUAL INSURANCE COMPANY, a foreign corporation authorized to do business in Idaho; and LIBERTY MUTUAL FIRE INSURANCE COMPANY, a foreign corporation authorized to do business in Idaho; and LIBERTY NORTHWEST INSURANCE CORPORATION, a foreign corporation authorized to do business in Idaho; and LIBERTY MUTUAL INSURANCE GROUP/BOSTON, a foreign entity not authorized to do business in Idaho; and LIBERTY INSURANCE CORPORATION, a foreign entity not authorized to do business in Idaho; and JOHN DOES 1 through 5; and JANE DOES 1through 5; CORPORATE DOES 1 and 2; LIMITED LIABILITY COMPANY DOES 1 and 2,<br><br>            Defendants. | Case No. CV 05-381-N-EJL-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

**MEMORANDUM DECISION AND ORDER - Page 1**

# I.
# Background

Before the Court is Plaintiff C & R Forestry, Inc.'s ("C&R") Petition for allowance of attorney fees and costs pursuant to Fed. R. Civ. P. 54(d).  (Docket No. 199.)  C&R seeks an award of attorney fees payable by Defendants Consolidated Human Resources, Inc., CHR Employer Services, Inc., CHR Insurance Services, Inc., Richard L. Jones, and Randy Bragg (collectively, the "Consolidated Defendants").  Default judgment was entered jointly and severally against the Consolidated Defendants on September 8, 2009, and amended on October 19, 2009, for a judgment of $62,342.78, plus pre-judgment interest in the amount of $10,948.02.  (Docket Nos. 195, 197.)  As the prevailing party, C&R seeks reimbursement of their attorney fees and costs expended, which total $134,113.44 in attorney fees and $3,300.00 in discretionary costs.[1]

Not surprisingly, no objection has been filed, because the Consolidated Defendants have not defended against C&R's complaint.  The matter is now ripe for review, and the Court finds the issues suitable for disposition without oral argument and because oral argument would not aid the Court.  Dist. Idaho Loc. Civ. R.  7.1(d)(1)(ii).  After carefully considering C&R's submissions, the Court will grant in part and deny in part C&R's petition for the reasons stated below.

---

[1] C&R submitted a Bill of Costs for nondiscretionary costs totaling $2,848.93.  (Docket No. 202, as amended by Docket No. 206.)  The Clerk of the Court is directed to approve those costs consistent with the Court's Order.

**MEMORANDUM DECISION AND ORDER - Page 2**

## II.
## Facts and Basis for Attorney Fees

The factual nature of this dispute is set forth in the Court's Report and Recommendation denying C&R's motion for summary judgment, and will not be repeated here in detail. (Docket No. 155.) While the Consolidated Defendants did not defend the allegations against them, Defendants Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, Liberty Northwest Insurance Corporation, Liberty Mutual Insurance Group/Boston and Liberty Insurance Corporation (the "Liberty Defendants"), did defend themselves vigorously . C&R filed a motion for summary judgment against the Liberty Defendants, which motion was denied on July 15, 2008. (Docket No. 155.) The District Judge adopted the Magistrate Judge's Report and Recommendation on August 28, 2009. (Docket No. 157.) Before trial was scheduled to commence between C&R and the Liberty Defendants, the parties reached a settlement. (Docket No. 189.) The Liberty Defendants and C&R entered into a stipulation dismissing C&R's claims against the Liberty Defendants. (Docket No. 190.) Thereafter, C&R sought and was granted a default judgment against the Consolidated Defendants. (Docket Nos. 195, 197.)

C&R's claims against the Consolidated Defendants concerned breach of a Client Service Agreement ("Agreement") for leased labor services with Consolidated Human Resources Employer Services, Inc. ("CHR") executed during the Fall of 1999. (Second Am. Compl. Ex. A, Docket No. 57-1.) As part of this Client Service Agreement, CHR was responsible for obtaining and providing worker's compensation insurance coverage for all of the employees CHR leased to C&R Forestry.[2] (Second Am. Compl. Ex. A at 2-3, Docket 57-1.) In accordance with this

---

[2] The agreement between C&R Forestry and CHR states that "CHR is primarily responsible for the following purposes: ...B. compliance with applicable workers compensation laws including but not limited to: (i) procuring workers compensation insurance; (ii) completing and filing required reports and (iii) administering

MEMORANDUM DECISION AND ORDER - Page 3

obligation, CHR sent requests to the Liberty Defendants, the worker's compensation insurance carrier, to add C&R Forestry to several insurance policies.  (Third Decl. of Hortensia San Miguel Ex. A, Docket No. 120.)

C&R alleged that CHR breached the terms of its Agreement, resulting in cancellation of C&R's worker's compensation coverage on April 14, 2000.  On April 20, 2000, six days after the expiration date of the policy covering C&R's leased workers, Pantaleon Vargas, an employee leased by C&R from CHR, was injured in a work related accident in Missouri.  Mr. Vargas submitted a timely worker's compensation claim in Missouri and an award was entered in his favor against C&R and CHR.  The Division found that no insurance coverage was provided to Mr. Vargas through any Liberty Mutual Insurance policy.  This judgment was confirmed by a Circuit Court for Dent County, Missouri, and entered in Kootenai County, Idaho.  C&R Forestry responded by filing this lawsuit in Kootenai County against the Consolidated Defendants, and also against the Liberty Defendants seeking indemnification for the worker's compensation judgment.

C&R claims it is entitled to attorney fees based upon its contract with CHR.  C&R's contract with CHR contained an attorney fee provision stating:

> 10.2 Attorney fees.  The prevailing party in any action arising in respect to the agreement shall be entitled to recover from the other party all costs of such action, including, without limitations, reasonable attorney fees, court costs, and related expenses.

(Second Am. Compl. Ex A, Docket No. 57-1.)  C&R included a claim for attorney fees in its Second Amended Complaint pursuant to its contract, as well as under Idaho Codes §§12-120,

---

claims..."  (Second Am. Compl. Ex. A at 2-3, Docket 57-2.)

**MEMORANDUM DECISION AND ORDER - Page 4**

12-121 and 41-1839.  The contract, however, contained a provision indicating that it would be governed by Arizona state law:

> 10.3 Choice of Law.  This Agreement shall be governed by the laws of the State of Arizona.

(Second Am. Compl. Ex A, Docket No. 57-1.)

The claims against the other Consolidated Defendants—CHR Employer Services, Inc., CHR Insurance Services, Inc., Richard L. Jones, and Randy Bragg—were based upon tort theories.  C&R alleged that Bragg and Jones, who controlled CHR, committed acts designed to fraudulently conceal assets of CHR, and created other entities such as CHR Employer Services, Inc. and CHR Insurance Services, Inc., to conceal CHR's assets.  C&R therefore claims that these other Consolidated Defendants are liable to the same extent as CHR, and must indemnify C&R for the losses caused by CHR.

## III.
## Disposition

**A.     Entitlement to Attorney Fees.**

Upon default, the well-pleaded factual allegations of the complaint are taken as true. *SemMaterials, L.P. v. Aliance Asphalt, Inc.*, No. CV 06-320-S-LMB, 2007 WL 269084 at *4 (D. Idaho Jan. 25, 2007).  Therefore, the breach of contract claim against CHR, as well as the tort claims and claim for indemnification by the other Consolidated Defendants, are considered proven.  Despite entry of default, Dist. Idaho L. Rule 54.2 mandates that claims for attorney fees are not to be treated as routine items of costs, and attorney fees will be allowed only upon an order of a judge "after such fact-finding process as the judge orders."  Accordingly, the Court

must determine whether C&R is entitled to attorney fees, and if the fees are reasonable, even though the Consolidated Defendants have not appeared to contest them.

Under the holding in *Simplot v. Nestle*, Mem. Decision and Order, Case No. CV06-141-S-EJL-CWD (D. Idaho July 20, 2009), Idaho would enforce the contractual provision that Arizona law governs C&R's contractual agreement with CHR.[3]  Therefore, Idaho Code § 12-120(3) does not apply.  Arizona has a statute similar to Idaho Code § 12-120(3) that permits the court "in any contested action arising out of a contract, express or implied [to] award the successful party reasonable attorney fees."  A.R.S. § 12-341.01(A); *Lewis v. Smith*, No. CV 07-1644-PHX-ROS, 2009 WL 2106287 *1 (D. Ariz. July 16, 2009).  However, the statute is not meant to alter, prohibit, or restrict the terms of a contract that may also provide for attorney fees.  A.R.S. § 12-341.01(A).  Consequently, a contractual fee provision controls to the exclusion of the Arizona Revised Statutes governing attorney fees.  *First Ascent Ventures, Inc. v. DLC Dermacare LLC*, 2007 WL 1876376 *1 (D. Ariz. June 27, 2007).  Arizona state courts therefore would enforce and rely upon the contractual provision entitling C&R to attorney fees and related expenses as the prevailing party by default on its breach of contract claim against CHR.  *Ocean West Contractors, Inc. v. Halec Const. Co., Inc.*, 600 P.2d 1002, 1104 (Ariz. 1979).

As to the other Consolidated Defendants, there was no contract between them and C&R.  The Court finds, however, that the tort claims and indemnification claims asserted against CHR Employer Services, Inc., CHR Insurance Services, Inc., Richard L. Jones, and Randy Bragg

---

[3] The choice of law analysis resulting in application of Idaho law to the dispute between C&R and the Liberty Defendants would not apply to the attorney fee issue.  In its Report and Recommendation (Docket No. 155) deciding the summary judgment motion filed by C&R against the Liberty Defendants, the Court looked to the Liberty Mutual Insurance Policy, not the contract between C&R and CHR, as a basis for its decision.  C&R did not brief the choice of law analysis, or indicate any basis other than Idaho law and its contract for its claim to attorney fees.

**MEMORANDUM DECISION AND ORDER - Page 6**

"arose in respect to the agreement" with CHR, and, therefore, an award of fees against these defendants would be included within the scope of C&R's contract with CHR.

A.R.S. § 12-341.01(A) would not be an independent basis to award attorney fees in this case, because none of the Consolidated Defendants appeared or otherwise defended. Absent any appearance or defense, the matter was not "contested" as required by A.R.S. § 12-341.01(A), and the statute would not apply. *BBQ Hut, Inc. v. Maeilin Enterprises, LLC*, No. CV 06-2050, WL 2687685 *2 n.1 (D. Ariz. 2008) (citing *Morrison v. Shanwick*, 804 P.2d 768, 775 (1990)). Therefore, the terms of the contract between C&R and CHR control the disposition of the fee issue in this case.

**B.     Amount of Fee Award.**

The Court must look to the terms of the parties' contract to determine the scope of the fee award. The contract provided that the prevailing party "in any action arising in respect to the agreement shall be entitled to recover from the other party all costs of such action, including, without limitations, reasonable attorney fees, court costs, and related expenses." CHR also agreed to indemnify, defend, and hold harmless C&R "from and against all liabilities, expenses (including court cost and attorney's fees) . . . which [C&R] . . . may incur, suffer, [or ] become liable for . . . ." (Second Am. Compl. Ex. A § 10.2, Docket 57-1.)

In reviewing Mr. Christiansen's fee affidavit, it is apparent that he spent the majority of his time prosecuting this matter against the Liberty Defendants, because the Consolidated Defendants defaulted near the inception of the litigation. However, Liberty Mutual was the intended insurer under C&R's contract with CHR. Therefore, even though the Consolidated Defendants defaulted early on and very little of Mr. Christiansen's fees related to litigation

**MEMORANDUM DECISION AND ORDER - Page 7**

proving the allegations in the Complaint against the Consolidated Defendants, the litigation against the Liberty Defendants can be characterized fairly as having "arisen with respect to" the agreement with CHR. C&R sued the Liberty Defendants because Liberty Mutual was the insurer under C&R's contract with CHR. All of Mr. Christiansen's fees therefore appear to fall within the contractual fee provision.

Mr. Curtin's fee affidavit, however, is scanty. His affidavit claims that $57,150.44 in attorney fees were incurred for the prosecution of this matter. (Aff. of Curtin, Docket No. 201.) But Exhibit A, which documents $41,993.71 in fees, simply is a list of cancelled checks and the amount of each check purportedly evidencing payment from Plaintiff spanning the time period from December 16, 2004 through March 4, 2009. (Aff. of Curtin Ex. A, Docket No. 201-1.) Mr. Curtin provided seven actual invoices detailing the time spent and the fees and costs incurred, but these invoices are limited to time spent between April 2009 and October 2009. (*Id.*) Upon review of these invoices, the descriptions of the time spent relate to the prosecution of this matter and, as in the analysis above, the time spent can fairly be said to "arise out of" the contract with CHR. Because the Court cannot determine what the other charges documented on Exhibit A of Mr. Curtin's affidavit relate to, the Court is unable to determine whether those charges "arose out of" the contract with CHR.[4] Therefore, only the attorney fees and costs documented in the

---

[4] Mr. Curtin is advised to familiarize himself with the requirements of a motion and affidavit in support of a request for attorney fees. Dist. Idaho Loc. Civ. R. 54.2 requires motions for attorney fees to be accompanied by an affidavit of counsel setting forth the following information: "(1) date(s), (2) service(s) rendered, (3) hourly rate, (4) hours expended, (5) a statement of attorney fee contract with the client, and (6) information, where appropriate as to other factors which might assist the Court in determining the dollar amount allowed." Under Arizona law, to determine a reasonable attorney fee lawyers are expected to provide the same information required by Dist. Idaho Loc. Civ. R. 54.2. *Schweiger v. China Doll Restaurant, Inc.*, 673 P.2d 927, 933 (Ariz. App. 1983) (deciding fee application was insufficient because it failed to identify the legal services performed, the attorney performing them, the date upon which the services were provided, or the agreed upon hourly billing rate).

seven invoices dated April 28, 2009 through October 27, 2009, will be considered by the Court as satisfying the contractual fee provision.

Upon determining C&R is entitled to attorney fees, the contract requires the Court to determine a "reasonable" fee award. *See also Hensley v. Eckerhart*, 461 U.S. 424 (1983); *HPSC, Inc. v. Porter*, No. CV 08-084-PHX-DGC, 2008 WL 942288 *3 (D. Ariz. April 7, 2008) (awarding a reasonable fee upon entry of default); *SemMaterials, L.P. v. Alliance Asphalt, Inc.*, No. CV 06-320-S-LMB, 2007 WL 269084 at *5 (D. Idaho Jan. 25, 2007) (awarding reasonable attorney fees upon default after counsel provided the necessary supporting documentation required under Fed. R. Civ. P. 54). Mr. Christensen and others in his office spent approximately 481 hours at hourly rates ranging from $150 to $165 per hour for attorney time, and $50 to $65 per hour for paralegal time. The rates charged are on the low end of prevailing Idaho attorney hourly rates previously considered by the Court. *See Simplot v. Nestle*, No. CV 06-141-S-EJL-CWD, Order at 18 (July 20, 2009) (noting that managing case partners in Boise with thirty years of experience typically charge $250-$300 per hour, and paralegals with five or more years of experience $70-$100 per hour). Mr. Curtin charged $225-$250 per hour, and although his hourly rate is higher than Mr. Christensen's hourly rate, it is still within the range the Court previously has found acceptable for Idaho attorneys.

The Court has throughly examined the time documented by Mr. Christensen and Mr. Curtin. Considering the lower than average hourly rate charged by Mr. Christensen, and that the time spent on the case spanned several years of litigation, the resulting $76,963.00 in attorney fees is reasonable. The Court also finds that the $2,525.00 in attorney fees documented by Mr. Curtin between April 2009 and October 2009 are reasonable.

**MEMORANDUM DECISION AND ORDER - Page 9**

Accordingly, the Court will award $79,488 in attorney fees to C&R payable by the Consolidated Defendants. If Mr. Curtin wishes to submit an amended Affidavit compliant with Dist. Idaho Loc. Civ. R. 54.2, the Court will reconsider the denial of that portion of his fees.

## C.  Nondiscretionary Costs.

Federal procedural law, not state law, governs the award of costs even though the issue of entitlement to attorney fees was decided under Arizona state law. *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1167 (9th Cir. 1995) (deciding the issue of costs under federal law although California law governed the substantive issues). The Court may award to the prevailing party pursuant to Fed. R. Civ. P. 54, as part of the award of attorney fees, "those out-of-pocket expenses that 'would normally be charged to a fee paying client.'" *Goff v. Washington County, et al.*, Case No. CV 03-268-MHW, 2006 WL1128222 at *5 (April 10, 2006). But the decision to award costs pursuant to Fed. R. Civ. P. 54(d)(1) is a discretionary decision that resides with the district court. *SemMaterials, L.P. v.Alliance Asphalt, Inc.*, No. CV 06-320-S-LMB, 2007 WL 676675 at *4 (D. Idaho March 1,2007) (citing *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996)).

The parties' contract specified that "all costs" without limitation could be awarded to the prevailing party in an action arising out of C&R's contract with CHR. The Court has examined the $3,300.00 in costs documented by Mr. Christensen. The costs relate to charges incurred to serve the Consolidated Defendants with the summons and complaint by private out of state process servers and by publication, and less than $200 in costs to travel to depose one witness in Texas. These costs do not duplicate the costs claimed on the Amended Bill of Costs. (Docket

No. 206.) Because the contract expressly allowed such costs, and they appear reasonable under the circumstances of this case, the Court in its discretion will allow them.

Mr. Curtin documented $67.60 in costs on the seven invoices submitted. These costs were for facsimile charges and long distance telephone charges. These costs, however, are more appropriately charged to the attorney's overhead, and do not constitute expenses "related to" the litigation. Therefore, the Court in its discretion will not allow them.

## IV.
## Conclusion

Based upon C&R's contract with CHR, the Court will award attorney fees and costs claimed consistent with the discussion above.

**ORDER**

Based on the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED that:**

1. Plaintiff's Petition for Allowance of Attorney Fees and Related Expenses (Docket No. 199) is hereby **GRANTED IN PART** and **DENIED IN PART**. Plaintiff is awarded attorney fees in the amount of $79,488.00 and non-taxable costs in the amount of $3,300.00.

2. The Clerk of the Court is directed to tax costs on Plaintiff's Amended Bill of Costs (Docket No. 206) in the amount of $2,848.93.

3. The Amended Default Judgment (Docket No. 197) entered on September 11, 2009 shall be further amended to include these costs and attorneys' fees.

4. Plaintiff may, within ten (10) days of this Order, refile his Motion and the supporting Affidavit of Mr. Jack Curtin if he is able to demonstrate his entitlement to fees and related costs under the parties' agreement.

DATED: January 12, 2010

Honorable Candy W. Dale
Chief United States Magistrate Judge